FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 15  PM 3: 02

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VALETON J. DANSEREAU,      CIVIL ACTION
BONNIE D. DANSEREAU, AND
THE CARROLTON CORPORATION     NO. 04-3413

VERSUS     SECTION "T"(4)

INSURANCE UNDERWRITERS, LTD.,
HAROLD S. ANDRY, JR., AND
VALLEY FORGE LIFE INSURANCE CO.

    The Plaintiffs, Valeton J. Dansereau, Bonnie D. Dansereau, and The Carrolton Corporation, filed a Motion to Remand, which came before the Court for hearing on February 23, 2005. Oral argument was waived by the parties and the matter was taken under submission solely on the briefs. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

I.    **Procedural History**

    The Plaintiffs commenced this action by filing a Petition for Specific Performance or, Alternatively, for Damages in the Civil District Court for the Parish of Orleans, State of



Louisiana on September 17, 2004. The Plaintiff's petition claims damages for the cancellation of a life insurance policy that secured a debt owed to the Plaintiffs or alternatively, the Plaintiffs seek to have the policy reinstated.

On December 16, 2004, the Defendant, Valley Forge Life Insurance Company, filed a Notice of Removal, staying the state court proceeding and removing this case to federal court. The Plaintiffs, then, filed this Motion to Remand based on this Court's lack of jurisdiction since there is not complete diversity between every plaintiff and every defendant.

In the Defendant's Notice of Removal and Opposition to the Plaintiff's Motion for Remand, Valley forge contends that two non-diverse defendants, Insurance Underwriters, Limited ("IUL") and Harold S. Andry ("Andry") were fraudulently joined to this action to defeat the jurisdiction of this court.

## II. Background

Mr. And Mrs. Dansereau sold their catering business to Chris Kennair ("Kennair") in return for a promissory note. The Dansereaus required that Kennair obtain a life insurance policy to secure his indebtedness. The Plaintiffs met with their insurance agent, Andry, and IUL for the purpose of ensuring that insurance coverage was obtained. Valley Forge, then, issued a life insurance policy on the life of Kennair.

On September 29, 1999, Kennair assigned his interest in the life insurance policy to the Dansereaus as collateral security for the promissory note. The Dansereaus met with Andry and IUL, who assured the Dansereaus that IUL would take all the necessary actions to ensure that the Plaintiffs' interest in the promissory note would remain secured by the assignment of the policy.

Additionally, Andry continued to make these assurances until he eventually notified the Plaintiffs that the policy had been cancelled for non-payment of the premiums.

In the Petition for Damages, the Plaintiffs contend that the lapse of the policy was improper because Andry and IUL had repeatedly assured them that the policy remained in effect and Valley Forge cancelled the policy without giving notice to them. Subsequently, Kennair defaulted on the promissory note to the Dansereaus, and a judgment was entered on the promissory note in the amount of $581,699.42, plus interest and costs.

In the Motion for Remand, the Plaintiffs allege that Andry and IUL committed acts of negligence by assuring them that they would receive notice if the policy was in danger of lapsing to give them an opportunity to preserve the coverage and, then by failing to give this notice when the premiums went unpaid. The Plaintiffs also claim that Andry and IUL acted negligently by assuring the Plaintiffs that the policy was in effect, when it was in fact in of danger of lapsing or had already lapsed for nonpayment of the premiums.

The Dansereaus contend that they have been damaged by the lapse of the life insurance policy because without the policy no collateral exists to secure the payment of the promissory note. Therefore, the Dansereaus brought this action against Andry and IUL to seek damages for their negligence in failing to provide notice of the cancellation of the policy and in failing to list the Plaintiffs as parties entitled to notice of cancellation, so that they could have preserved coverage under the policy.

## III.    Law and Analysis of the Court

Valley Forge bases its removal on the allegation that Andry and IUL, the Louisiana

3

defendants, have been fraudulently joined and their citizenship must be disregarded for the purpose of determining diversity jurisdiction. The Plaintiffs contend that Andry and IUL were properly joined to this action because they were negligent in failing to give notice that the life insurance policy was in danger of lapsing due to nonpayment of the premiums and continuing to represent that the policy was in effect when it had already been cancelled.

28 U.S.C. §1441 states that an action may be removed from state court to federal court if the action is one that could have been filed originally in federal court. Pursuant to 28 U.S.C. §1332, federal courts have jurisdiction over actions in which the parties are diverse and the amount in controversy exceeds $75,000. Section § 1332 requires complete diversity meaning that the citizenship of every plaintiff must be diverse from the citizenship of every defendant.

In *Smallwood v. Illinios Central Railroad Company,* the Fifth Circuit states the two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cen. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646-647 (5th Cir. 2003). The court must determine whether the plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648. "This possibility, however, must be reasonable, not merely theoretical." *Id.* In other words, the defendant must demonstrate that there is "no possibility of recovery by the plaintiff against the in-state defendant" to prove fraudulent joinder. *Smallwood*, 385 F.3d at 573.

Joinder of a non-diverse party will be deemed fraudulent, if there is no reasonable basis for predicting that the state law might impose liability on the non-diverse defendant on the facts

4

involved. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000). Moreover, to support a motion to remand and defeat a claim of fraudulent joinder, a plaintiff's petition must allege "particular or specific activity" on the part of the non-diverse defendant. *Id.* at 392.

The district court must evaluate all of the factual allegations in the light most favorable to the plaintiff. *B., Inc. v. Miller Brewing Company, et al.*, 663 F.2d 545, 549 (5th Cir. 2001). And the court must resolve all contested issues of substantive fact and uncertainties as to controlling state law in favor of the plaintiff. *Id.* at 549.

In this matter, Valley Forge has failed to satisfy its burden of proving that "there is no possibility that [the plaintiff] could state a cause of action against [the non-diverse parties] in state court." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citing *B., Inc.*, 663 F.2d at 549 (5th Cir. 2001). Under Louisiana law, "an agent may become personally liable for damages occasioned by intentional or negligent misrepresentations as to facts which he knows or has reason to know are false." *McCollum v. Harbor View Townhouses, Inc.* 428 So.2d 846, 847 (La. App. 5th Cir. 1983) (citing *Guidry v. Barras*, 368 So.2d 1129 (La. App. 3d Cir. 1979)).

The Plaintiffs have established the possibility that the state law might impose liability against the non-diverse defendants, Andry and IUL. The Plaintiffs have established this possibility based on their allegations of the negligence of these defendants in failing to use reasonable care in protecting the Plaintiffs' interest and in failing to give notice of the cancellation of the life insurance policy. Further, the Plaintiffs have established the possibility of recovery by alleging that Andry and IUL misrepresented that coverage remained in effect when it

5

had already lapsed due to nonpayment.

In their Petition for Damages, the Plaintiffs make specific allegations that Andry and IUL made assurances that they would take all necessary steps to ensure that the life insurance policy remained in effect to secure the promissory note and they failed to do so. Based on these allegations, the Court is precluded from finding that the Plaintiffs have no possibility of recovery from the non-diverse defendants.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed on behalf of the Plaintiffs, Valeton J. Dansereau, Bonnie D. Dansereau, and The Carrolton Corporation, be and the same is hereby **GRANTED** and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, Case Number 04-13264 "N."

Houma, Louisiana, this 14th day of December, 2005.

UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.